# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-40134
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 24, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ROBERT L. HEDRICK,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:11-CR-715-1

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:[*]

Robert L. Hedrick appeals his convictions on two counts of distributing child pornography. Count three alleged that Hedrick knowingly distributed child pornography between March 8, 2010, and September 16, 2010, and count four alleged that he knowingly distributed child pornography between September 14, 2010, and November 22, 1010. Hedrick was convicted following

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-40134

a jury trial of both counts, in addition to three other counts, not at issue in this appeal.

He argues that the district court erred by entering a judgment on both counts of distributing child pornography because the counts are either multiplicitous or there was insufficient evidence supporting count three. Hedrick contends that the evidence was insufficient because the Government failed to prove that a female depicted in images sent on September 14, 2010, to an undercover detective in Wisconsin was a child.

An indictment is multiplicitous if it charges a single offense in more than one count. *United States v. Woerner*, 709 F.3d 527, 538 (5th Cir.), *cert. denied*, 134 S. Ct. 146 (2013). We review district court rulings on multiplicity challenges de novo. *United States v. Kimbrough*, 69 F.3d 723, 728-29 (5th Cir. 1995).

The district court specifically instructed the jury that with respect to count three, it could only consider the alleged transfer of child pornography to a Louisiana detective on September 14, 2010, and that it could not consider the transfer to the Wisconsin detective. The court further instructed that with respect to count four, it could only consider the alleged transfer of child pornography to Louisiana detectives on September 20th and 23rd, 2010. Because each count was based on separate transfers of child pornography on different dates, Hedrick has failed to show that the indictment was multiplicitous. *See Woerner*, 709 F.3d at 541.

Nor is the evidence insufficient on count three. The Louisiana detective testified, and the record reflects, that Hedrick transferred images containing child pornography to the detective on September 14, 2010. Thus, a rational jury could have found the elements of distribution of child pornography in count three beyond a reasonable doubt. *See United States v. Daniels*, 723 F.3d

No. 13-40134

562, 569 (5th Cir.), *modified in part on reh'g*, 729 F.3d 496 (5th Cir. 2013), *cert. denied*, 134 S. Ct. 973, 974, 975, 977 (2014); 18 U.S.C. § 2252A(a)(2).

The judgment of the district court is AFFIRMED.